UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VARSITY GOLD, INC.,

    Plaintiff,

v.

ELITE FUNDRAISING LLC, et al.,

    Defendants.

No. C05-1048P

ORDER DENYING DEFENDANTS' MOTION TO SEAL

This matter comes before the Court on Defendants' motion to seal certain documents. (Dkt. No. 71). Having reviewed the motion and the balance of the record, the Court DENIES Defendants' motion for the reasons stated below.

Defendants' motion seeks to seal the following materials:

(1)     Defendants' motion for summary judgment (Dkt. No. 72);

(2)     The declaration of Jessie McGaw in support of Defendants' motion for summary judgment (Dkt. No. 73);

(3)     The declaration of Genni Hutchinson in support of Defendants' motion for summary judgment (Dkt. No. 74);

(4)     The declaration of Jonathan Beckman in support of Defendants' motion for summary judgment (Dkt. No. 75); and

(5)     The declaration of John Silk in support of Defendants' motion for summary judgment and the exhibits thereto (Dkt. No. 76).

Defendants' motion provides no reasons why these documents should be sealed.

ORDER - 1

1   The parties are advised that they may not construe the stipulated protective order entered in
2   this matter on March 22, 2006 as authorizing them to file documents under seal simply because one or
3   more parties have designated the documents as confidential.[1]  Local Civil Rule 5(g)(1) provides that
4   "[t]here is a strong presumption of public access to the court's files and records which may be
5   overcome only on a compelling showing that the public's right of access is outweighed by the interests
6   of the public and the parties in protecting files, records, or documents from public review."  As a
7   result, parties seeking to seal any documents must provide a specific description of particular
8   documents or categories of documents they seek to protect and "*a clear statement of the facts*
9   *justifying a seal and overcoming the strong presumption in favor of public access.*"  Local Civil Rule
10  5(g)(2) (emphasis added).  To obtain a court order sealing documents attached to a non-dispositive
11  motion, Ninth Circuit law provides that the parties must make a particularized showing under the
12  "good cause" standard of FED. R. CIV. P. 26(c).  See Kamakana v. City and County of Honolulu, 447
13  F.3d 1172, 1179 (9th Cir. 2006).  To obtain a court order sealing documents attached to a dispositive
14  motion, such as Defendants' motion for summary judgment, the parties must meet a "compelling
15  reasons" standard and not the lesser "good cause" standard.  Id. at 1177-79; Foltz v. State Farm Mut.
16  Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003).  Under Ninth Circuit law, "the presumption of
17  [public] access is not rebutted where . . . documents subject to a protective order are filed under seal
18  as attachments to a dispositive motion."  Foltz, 331 F.3d at 1136.
19  Here, Defendants' motion provides no reasons – much less "compelling reasons" – for sealing
20  its summary judgment motion and supporting documents.  Therefore, the Court denies Defendants'

21  ─────────────────────
22  [1] It should also be noted that the stipulated protective order entered in this case provides that
    "[w]here possible, only confidential portions of filings with the Court shall be filed under seal" and that
23  "[t]he party filing the pleading or other paper containing or referring to Confidential Information shall
    identify on a document-by-document, page-by-page, or section-by-section basis, as appropriate, the
24  specific confidential portions so as to facilitate maximum disclosure of non-confidential portions."
    Defendants have made no apparent attempt to comply with this provision of the protective order.
25

ORDER - 2

1  motion to seal, without prejudice to filing a renewed motion that makes a sufficient showing as to why

2  <u>each document</u> in question should be sealed.  The Court will maintain Docket Nos. 72 through 76

3  under seal for a period of <u>seven calendar days</u> after the date of this order.  If Defendants do not file a

4  renewed motion to seal within seven calendar days of the date of this order, the Court will direct the

5  Clerk to unseal Docket Nos. 72 through 76 immediately.  If Defendants choose to file a renewed

6  motion to seal, they must also consider whether documents may be appropriately redacted to exclude

7  only those portions that may contain highly sensitive information, as opposed to seeking to seal

8  documents in their entirety.

9        The clerk is directed to send copies of this order to all counsel of record.

10        Dated: May 2, 2007

12                                                s/Marsha J. Pechman
                                               Marsha J. Pechman
13                                                 United States District Judge

ORDER - 3